STHE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK SCHREIBER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIG SAUER, INC., a Delaware corporation,<br><br>Defendant. | NO. 2:25-cv-02303-JLR<br><br>**STIPULATED MOTION AND ~~[PROPOSED]~~ ORDER TO MODIFY THE SCHEDULING ORDER**<br><br>**NOTED FOR CONSIDERATION:**<br>OCTOBER 15, 2026 |

Plaintiff Patrick Schreiber ("Plaintiff") and Defendant Sig Sauer Inc. ("Sig Sauer"), by and through their respective counsel, and pursuant to LCR 7(d)(1) and 10(g), hereby stipulate to modify the scheduling order. In support of their stipulated motion, the parties state as follows:

1. Good cause exists to amend the case schedule for two reasons.

2. ***First***, the parties have been diligently meeting and conferring related to discovery; but reached an impasse as it related to the procedure and format to produce electronically stored information, which required motion practice and resolution by the Court. *See* Dkts. 34–39.

3. This impasse effectively stalled the production of documents while a resolution was reached on salient issues arising in the briefing.

4. The parties also exchanged information on or by September 30, 2026, under the Court's Order Governing Electronically Stored Information, requiring disclosure of custodians most likely to have discoverable information.

5. Plaintiff has provided defendant with proposed search terms for both Defendant and Plaintiff, and the parties are still conferring to seek resolution as to the scope of custodians and search terms so that the production of documents may begin in earnest.

6. The current close of fact discovery is set for December 15, 2026. Dkt. 33.

7. Despite the parties' efforts, a modest extension of time to allow the parties to complete discovery is necessary to resolve outstanding disputes and for the parties to complete discovery as it relates to class certification.

8. Where the finding of good cause "necessarily varies with the circumstances of each case," these underlying facts, and the parties' respective diligence, constitutes good cause to modify the case schedule. *See Doe v. Trump*, 329 F.R.D. 262, 272 (W.D. Wash. 2018) ("[A]lthough the court does not find that Defendants acted in a dilatory manner, Defendants' response times consumed large portions of the 90-day discovery period.").

9. ***Second***, this case arises out of allegations that Sig Sauer concealed the defective design of its P320 pistol.

10. This case is now one of six related cases that have been filed against Sig Sauer:

a. *Glasscock v. Sig Sauer, Inc.,* No. 22-cv-3095-MDH (W.D. Mo.);[1]

b. *Shepherd v. Sig Sauer, Inc.,* No. 25-cv-2023-SMY (S.D. Ill.);

c. *Farrell v. Sig Sauer, Inc.*, No. 25-cv-5701-NCM-LKE (E.D. N.Y.);

d. *Altman v. Sig Sauer, Inc.*, No. 26-cv-3862-MCR-ZCB (N.D. Fla.);

e. *Schnau v. Sig Sauer, Inc.* No. 26-cv-274-SH (N.D. Okla.);

11. Counsel for plaintiff here and Sig Sauer's counsel have met and conferred multiple times over the course of the last several months as it relates to the coordination of discovery and schedules across these related actions.

[1] *Glasscock v. Sig Sauer, Inc.*, No. 22-cv-3095-MDH (W.D. Mo.), was recently dismissed following a decision by the U.S. Court of Appeals for the Eighth Circuit vacating the district court's class certification order and remanding with instructions to dismiss. 182 F.4th 740, 743–44 (8th Cir. 2026).

12. As the parties' disclosed in their joint status report, counsel for both Plaintiff and Sig Sauer "agree that the coordination amongst the actions" would be necessary and that the parties seek to "avoid conflicts, conserve resources, and promote an efficient determination of the actions." Dkt. 27 at 6.

13. Counsel for Plaintiff and Defendant recently met and conferred related to both the actions pending in Illinois and Florida and are seeking to coordinate a uniform close of fact discovery for class certification.

14. The close of fact discovery the parties have negotiated is March 31, 2027. *See Shepherd*, No. 25-cv-2023 (S.D. Ill.), Dkt. 57-1.

15. The parties also negotiated a staggered briefing and expert disclosure schedule as it related to class certification to conserve the parties' resources across the related litigation.

16. Courts in this district reason that where there are "large factual and legal overlap between []cases" there is "substantial economy in coordinating pretrial deadlines." *Ngethpharat v. State Farm Mut. Ins. Co.*, 2021 WL 4244519, at *2 (W.D. Wash. Aug. 2, 2021) (granting motion to amend the case schedule where earlier filed action should be practically coordinated with later filed action).

17. No trial date has been set yet. And the parties bring this motion two months before the upcoming deadline in a good-faith effort to effectively litigate this action. Thus, the proposed modification of the scheduling order also conserves judicial resources and seeks to avoid burdening the Court.

18. Thus, the parties stipulate to the following schedule:

| Event | Current Deadline | Stipulated Deadline |
|---|---|---|
| Close of fact discovery as to class certification | December 15, 2026 | March 31, 2027 |
| Expert Disclosure (Initial) as to class Certification | January 29, 2027 | May 14, 2027 |

| Event | Current Deadline | Stipulated Deadline |
| --- | --- | --- |
| Expert Disclosures (rebuttal) as to Class Certification | March 5, 2027 | June 21, 2027 |
| Expert Discovery Cutoff as to Class Certification | April 2, 2027 | July 23, 2027 |
| Motion for Class Certification | April 23, 2027 | August 13, 2027 |
| Opposition to Motion for Class Certification | May 7, 2027 | October 13, 2027 |
| Reply in Support of Motion for Class Certification | May 14, 2027 | October 27, 2027 |
| Class Certification Hearing | To be set as determined by the court | No change |

IT IS SO STIPULATED by and between the parties this 15th day of October, 2026.

By: */s/ Amanda M. Steiner*
Amanda M. Steiner, WSBA #29147
Email: asteiner@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Ave N., Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Matthew L. Dameron, *Admitted Pro Hac Vice*
Email: matt@williamsdirks.com
Clinton J. Mann, *Admitted Pro Hac Vice*
Email: cmann@williamsdirks.com
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 945-7110
Facsimile: (816) 945-7118

Bradford B. Lear, *Admitted Pro Hac Vice*
Email: lear@learwerts.com
Todd C. Werts, *Admitted Pro Hac Vice*
Email: werts@learwerts.com

By: */s/ Emily J. Harris*
Emily J. Harris, WSBA #35763
Email: eharris@corrcronin.com
CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104
Telephone: (206) 625-8600
Facsimile: (206) 625-0900

Eric S. Aronson, *Admitted Pro Hac Vice*
Email: earonson@crowell.com
Robert Mantel, *Admitted Pro Hac Vice*
Email: rmantel@crowell.com
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 590-5428
Facsimile: (212) 223-4134

Valerie Goo, *Admitted Pro Hac Vice*
Email: vgoo@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 41st Floor

Sander C. Powers, *Admitted Pro Hac Vice*
Email: sowers@learwerts.com
LEAR WERTS LLP
103 Ripley Street
Columbia, Missouri 65201
Telephone: (573) 875-1991
Facsimile: (573) 279-0024

*Counsel for Plaintiff and the Proposed Class*

Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

*Attorneys for Defendant*

**~~[PROPOSED]~~ ORDER**

This matter came before the Court on the parties Stipulated Motion to Modify the Scheduling Order. Having reviewed the motion, the Court finds good cause to modify the Scheduling Order as stipulated:

| Event | Deadline |
| --- | --- |
| Close of fact discovery as to class certification | March 31, 2027 |
| Expert Disclosure (Initial) as to class Certification | May 14, 2027 |
| Expert Disclosures (rebuttal) as to Class Certification | June 21, 2027 |
| Expert Discovery Cutoff as to Class Certification | July 23, 2027 |
| Motion for Class Certification | August 13, 2027 |
| Opposition to Motion for Class Certification | October 13, 2027 |
| Reply in Support of Motion for Class Certification | October 27, 2027 |
| Class Certification Hearing | No change |

**IT IS SO ORDERED**

DATED: October 19, 2026

The Honorable James L. Robart
United States District Judge